**Charles E. BRADLEY, Petitioner–
Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.**

No. 06–1570–ag.

United States Court of Appeals,
Second Circuit.

Dec. 15, 2006.

Charles E. Bradley, pro se, Stamford, CT, for Petitioner–Appellant.

Michelle B. Smalling, Attorney, Tax Division, United States Department of Justice (Richard Farber, Attorney, Eileen J. O'Connor, Assistant Attorney General, on the brief), Washington, DC, for Respondent–Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner–Appellant Charles E. Bradley appeals from the February 15, 2006 decision of the United States Tax Court (Robert A. Wherry, Jr., *Judge*), determining that there was a deficiency of § $4,676,578 in Bradley's income tax for the tax year 1995. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Bradley's principal contention on appeal is that the Tax Court erred in finding that a $12 million settlement payment made to Bradley in 1995 was not excludable from income tax pursuant to Internal Revenue Code § 104(a)(2) as damages paid on account of personal injury. The Tax Court found that Bradley had failed to demonstrate that the settlement, or any specific portion of it, was allocable to claims of personal injury. We review the Tax Court's findings of fact for clear error. *See Muserlian v. Commissioner of Internal Revenue*, 932 F.2d 109, 112 (2d Cir. 1991). We do not see any error, much less clear error, in the Tax Court's thorough opinion.

■ Additionally, Bradley claims that the Tax Court erred in granting his attorney's motion to withdraw—allegedly made at the request of the IRS. However, as a potential witness, Bradley's attorney was required to withdraw by Tax Court Rule of Practice and Procedure 24(g). We see no merit to Bradley's claim that he was unfairly surprised by the IRS's decision to list the attorney as a potential witness, given the attorney's involvement in drafting documents dealing with the tax treatment of the settlement proceeds.

■ Finally, the Tax Court did not err by ordering the production of certain contested documents prepared by Bradley's attorneys. Bradley had disclosed those documents to his accountant, who subsequently disclosed the document s to the IRS during an audit, in circumstances from which it was reasonably inferred that Bradley waived his attorney-client privilege as to those documents, for the reasons stated in the Tax Court's August 8, 2003 Order.

For the foregoing reasons, the decision of the Tax Court is AFFIRMED.